IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 63,337-01






EX PARTE ALLEN STEVEN BABCOCK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


 CAUSE NO. 6918-D IN THE 350th JUDICIAL DISTRICT COURT 

TAYLOR COUNTY




 Per Curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of possession of cocaine, and punishment was assessed at twenty
months confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was deprived of his right to appeal due to the
ineffective assistance of his counsel. Specifically, the Applicant contends that counsel
refused to file notice of appeal after being requested to do so.

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved facts material to the legality of the Applicant's confinement...." 
However, we disagree. Applicant has stated facts requiring resolution. Because this Court
cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. This trial court may resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
counsel, or it may hold a hearing. In the appropriate case, the trial court may rely on personal
recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the court finds that Applicant is indigent and Applicant desires to
be represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether Applicant was deprived of his right to appeal due to the ineffective
assistance of counsel. The trial court should also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 7TH day of December, 2005.


EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.